[No. 11857.   Department One. — May 20, 1887.]

## S. A. HICKS, APPELLANT, v. RIVERSIDE FRUIT COMPANY, RESPONDENT.

PRACTICE — EXAMINATION OF WITNESS — FORM OF QUESTION. — It is not an objectionable form of question to request a witness on his direct examination to state only what he knows about the matter.

ID. — CONTRACT FOR SALE OF FRUIT — ACTION FOR BREACH OF — FINDING — EVIDENCE. — In an action by a vendor to recover the amount alleged to be due him under a contract to deliver certain fruit, a finding that at the time the fruit was delivered it was not in a good and merchantable condition, will be held sustained by the evidence, when the plaintiff testifies that it was more or less bruised at that time.

APPEAL from a judgment of the Superior Court of San Bernardino County, and from an order refusing a new trial.

The facts are stated in the opinion.

*Harris & Allen*, for Appellant.

*Curtis, Otis & Conner*, for Respondent.

FOOTE, C.—Plaintiff brought this action to recover from the defendant a sum of money alleged to be due on a contract to deliver certain peaches. The cause was tried by the court, and judgment rendered in favor of the defendant, and from that, and an order overruling her motion for a new trial, the plaintiff has appealed.

It is argued for plaintiff: 1. That the court erred in overruling the objection, interposed by her counsel, to a question propounded to Mr. Burt, a witness for the defendant, as follows: "State only what you know about the matter."

2. That the evidence did not justify findings 1 and 2,—she alleging that the evidence was uncontradicted that the fruit delivered "was in good and merchantable condition," according to the terms of the contract, which had been made between the parties.

As to the first contention, it is only necessary to say that the question was proper, and the plaintiff's counsel pointed his objection at the question, and not at the answer thereto, which last was not responsive to the question, and no motion was made to strike it out.

The second point is untenable, for the reason that Mrs. Hicks, the plaintiff, testified in effect that the fruit delivered was bruised more or less, which fact rendered it impossible that it could have been in good and merchantable condition, as in other portions of her testimony she claimed it to have been. Where such a conflict exists, the findings should be upheld.

The judgment and order should be affirmed.

HAYNE, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.